**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 17-CR-0031-CVE** |
| ) | |
| **ROBERT LEE MCLEAN,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court are Defendant's Motion to Withdraw Guilty Plea to Count Two with Brief (Dkt. # 36) and Defendant's Motion to Continue Sentencing Hearing (Dkt. # 37). Defendant Robert Lee McLean requests leave to withdraw his guilty plea to count two of the information, because he may have a valid defense to this charge but he did not have an adequate opportunity to consult with his attorney before the change of plea hearing.[1] The Court set an expedited deadline for the government to respond to plaintiff's motion, and the government's response (Dkt. # 39) was filed on June 13, 2017. Defendant has filed a reply (Dkt. # 40).

On March 15, 2017, a magistrate judge signed a complaint charging defendant with improper use of another person's passport in violation of 18 U.S.C. § 1544, and aggravated identity theft in violation of 18 U.S.C. § 1028A. The Federal Public Defender for the Northern District of Oklahoma filed a letter (Dkt. # 3) requesting to have counsel appointed for defendant, and assistant Federal Public Defender Stephen Greubel was appointed to represent defendant. Dkt. # 4. Defendant made his initial appearance on March 22, 2017, and Greubel represented defendant at the initial

---

[1] Defendant's motion to continue the sentencing hearing is based on any delay that would be caused by court proceedings on his motion to withdraw his guilty plea to count two. Dkt. # 37. There is no other basis for a continuance stated in the motion.

appearance. Dkt. # 7. On March 28, 2017, defendant was charged by information (Dkt. # 11) with improper use of another person's passport (count one) and aggravated identity theft (count two). Defendant states that he attended a meeting with the United States Attorney pursuant to Fed. R. Civ. P. 11, and he agreed to change his plea with a plea agreement. Dkt. # 36.

A change of plea hearing was held on March 30, 2017, and Greubel stated that defendant intended to change his plea as to counts one and two of the information. Dkt. # 33, at 2. Defendant stated that he had fully discussed the case with his attorney, and he had an opportunity to discuss the plea agreement with Greubel. Id. at 7. Defendant acknowledged that the plea agreement represented his complete agreement with the government, and he was changing his plea of his own free will. Id. at 8. The Court advised defendant of the maximum and minimum sentences that he faced, including the two year statutory mandatory minimum sentence applicable to count two. Id. at 9, 13. Defendant also stated that he had discussed the role of the advisory sentencing guidelines with his attorney and he had been advised how those guidelines might apply to him. Id. at 12. The Court advised defendant that he had the right to a jury trial on the charges against him and that he was entitled to additional time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and defendant signed a waiver of his minimum time to trial and clearly stated that he wished to proceed with the change of plea hearing. Id. at 19-20. The Court advised defendant of the charges against him and asked him to state how he committed the charged offenses. Defendant admitted that knowingly and willingly obtained another person's passport card and used the passport card to purchase an airplane ticket. Id. at 22-23. Defendant used the ticket to gain access to the secure area of the Tulsa International Airport, and he was successful in gaining access to the secure area. Id. at 24. Defendant left the secure area and he was taken into custody when he attempted to regain entry to

the secure area.  Id.  Defendant pled guilty to counts one and two of the information, and he stated

that his pleas were knowing and voluntary.  Id. at 27.  The change of plea hearing lasted from 10:17

a.m. to 11:29 a.m.  Dkt. # 17.

Defendant was released on conditions at the conclusion of the change of plea hearing, and

he was permitted to return to San Diego, California pending his sentencing hearing.  However,

defendant violated his conditions of release and he was detained by the United States District Court

for the Southern District of California.  Defendant's sentencing hearing was set for June 22, 2017,

and he made his initial appearance in this Court for the revocation of his release pending sentencing

on May 3, 2017.  Dkt. ## 29, 30.  On May 23, 2017, Greubel filed a motion to withdraw from his

representation of defendant on the ground that there was a complete breakdown of the attorney/client

relationship.  Dkt. # 31.  The motion to withdraw was granted and, on May 26, 2017, Stanley

Monroe was appointed to represent defendant.  Dkt. # 32

Defendant requests leave to withdraw his guilty plea as to count two of the information.  Fed.

R. Crim. P. 11(d)(2)(B) permits a defendant to withdraw a guilty plea if he can "show a fair and just

reason for requesting the withdrawal."  The Supreme Court has issued one opinion considering the

"fair and just" standard of Rule 11, and it is clear that the Supreme Court treats a fully accepted

guilty plea as a conclusive act similar to a jury verdict.  United States v. Hyde, 520 U.S. 670 (1997).

Citing the advisory notes to Rule 11, the Supreme Court remarked:

> Given the great care with which pleas are taken under [the] revised Rule 11, there is
> no reason to view pleas so taken as merely "tentative," subject to withdrawal before
> sentence whenever the government cannot establish prejudice.  "Were withdrawal
> automatic in every case where the defendant decided to alter his tactics and present
> his theory of the case to the jury, the guilty plea would become a mere gesture, a
> temporary and meaningless formality reversible at the defendant's whim.  In fact,
> however, a guilty plea is no such trifle, but a 'grave and solemn act,' which is
> 'accepted only with care and discernment.'"

Id. at 676-77. Defendant bears the burden to show a fair and just reason for withdrawal of his guilty plea. United States v. Black, 201 F.3d 1296, 1299 (10th Cir. 2000). The Tenth Circuit has recognized seven factors that a district court should consider in ruling on a motion to withdraw a guilty plea:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; (7) whether the granting of the motion would cause a waste of judicial resources.

Id. at 1299-1300; see also United States v. Graham, 466 F.3d 1234, 1238 (10th Cir. 2006). The Tenth Circuit has consistently affirmed the use of these factors. See United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007); United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir. 2005); United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004). Even if the government can not show that it will be prejudiced, this does not remove the burden from the defendant to prove a fair and just reason for withdrawing his plea. United States v. Rhodes, 913 F.2d 839, 845-46 (10th Cir. 1990).

Defendant does not argue that he is factually innocent as to count two, but argues that he has a valid legal defense to the charge of aggravated identity theft. A defendant's assertion of legal innocence may in some instances satisfy the assertion of innocence factor for a motion to withdraw a guilty plea. Hamilton, 510 F.3d at 1214. However, the defense asserted must be credible and the defendant must make a factual argument in support of the legal defense asserted. Id. In this case, defendant appears to be arguing that he could have a double jeopardy defense to count two, but he has not undertaken any significant factual or legal analysis in support of this argument. Dkt. # 36, at 3-4. When moving to withdraw a guilty plea, defendant has the burden to show that he has a fair

and just reason for withdrawing his plea, and this defendant's motion gives no basis on which to determine whether he has a potentially valid defense to count two. The Court also notes that the government has provided a lengthy analysis of the double jeopardy issue and has cited authority that federal courts have typically not found a double jeopardy violation when another crime is charged in conjunction with a § 1028A offense. Dkt. # 39, at 15-20. The Court does not find that defendant's assertion of legal innocence tends to support his request to withdraw his guilty plea.

Defendant argues that he received ineffective assistance of counsel in connection with his guilty plea. Dkt. # 36, at 2-3. He claims that did not have sufficient time to meet with his counsel before the change of plea hearing. A warrant for defendant's arrest was issued on March 15, 2017 and he made his initial appearance on March 22, 2017. Dkt. ## 2, 7. According to defendant, he participated in a meeting with the United States Attorney pursuant to Rule 11 and his counsel negotiated a plea agreement before the change of plea hearing on March 30, 2017. Id. at 2. Defendant's motion states that he "does not believe he was effectively represented during the time leading up to the execution of the plea agreement." Id. at 3. However, he offers no specific examples of any alleged ineffective representation other than the relatively short time period between his arrest and change of plea. The Court does not find that defendant has shown that he received ineffective assistance of counsel based only on the amount of time defendant had to consult with his attorney before the change of plea hearing. In fact, the change of plea hearing was expedited at the parties' request so that defendant could return to California. See Dkt. # 33, at 28-31. Further, the Court specifically advised defendant at the change of plea hearing that he was entitled to more time under the Speedy Trial Act to consider whether he wanted to change his plea or proceed to trial, and defendant knowingly and voluntarily waived his right to additional time,

including signing a written waiver of minimum time to trial. Dkt. # 18; Dkt. # 33, at 19-20. The parties had sufficient time to hold a Rule 11 meeting and negotiate a plea agreement, and at no time did defendant request additional time to consult with his attorney. At the change of plea hearing, defendant stated that he was satisfied with the advice and representation provided by Greubel, and defendant did not give any indication that he was dissatisfied with Greubel's performance. Dkt. # 33, at 7. The Court also notes that the charges against defendant are not factually or legally complex, and he has not identified any factual or legal issue about which he needed more time to discuss with his attorney. Defendant's vague allegations of ineffective assistance of counsel are not a basis to allow him to withdraw his guilty plea as to count two.

Defendant does not provide any substantial argument as to the remaining <u>Black</u> factors, but the Court will independently consider these factors to determine if defendant should be permitted to withdraw his guilty plea as to count two. Defendant argues that the government will not be prejudiced if he is permitted to withdraw his plea, and he claims that any waste of judicial resources is "out-weighed by the prospect of sentencing a man who may have a valid legal or factual defense to a charge . . . ." Dkt. # 36. The Court disagrees with defendant's assessment on both issues. Counsel for the government participated in a Rule 11 meeting, prepared a plea agreement, and appeared at a change of plea hearing that lasted over an hour. Over two months later, defendant now seeks to withdraw his guilty plea as to count two, and it is reasonable to assume that the government has not taken any steps to prepare for trial since the change of plea hearing. The sentencing hearing is June 22, 2017, and the government would be prejudiced by having to cease its preparations for sentencing and begin preparing for a possible trial. The Court also finds that it would be a waste of judicial resources and an inconvenience to the Court to allow defendant to withdraw his plea. A

change of plea hearing is a lengthy proceeding and such a hearing is held at the request of the defendant. Defendant affirmatively indicated that he intended to change his plea and that he did not need any additional time to prepare. The Court also notes that defendant has not stated in his motion to withdraw plea that he actually intends to go to trial on count two. It appears that defendant could intend to file a motion to dismiss the information due to a violation of the Double Jeopardy Clause, but he has not shown that this argument is likely to be successful. The Court finds that defendant's guilty plea as to count two was knowingly and voluntarily made, and the Court relied on defendant's representations in this regard when it accepted his guilty plea. The change of plea hearing lasted over an hour, and defendant was fully advised of the rights he was giving up by changing his plea and the potential sentence he faced as to count two. Finally, the Court finds that defendant has delayed in filing his motion to withdraw his guilty plea as to count two. The change of plea hearing was held on March 30, 2013 and the parties have been preparing for sentencing and defendant has been detained in this district since May 3, 2017. His motion to withdraw his guilty plea as to count two was not filed until June 8, 2017, and he waited until two weeks before the sentencing hearing to file his motion.

The Court has considered all of the Black factors and finds that defendant should not be permitted to withdraw his guilty plea to count two of the information. Defendant has not met his burden to show a fair and just reason to withdraw his guilty plea, and his motion (Dkt. # 36) should be denied. In addition to the lack of a fair and just reason for withdrawing his plea, the government also argues that defendant waived his right to withdraw from his guilty plea in the plea agreement, and he is seeking to obtain the benefits he received under the plea agreement while simultaneously breaching the plea agreement. Dkt. # 39, at 2. Defendant's plea agreement contains a waiver of his

right to withdraw his plea under Rule 11(d) and (e), and he is permitted to withdraw from the guilty plea and plea agreement only if the Court rejects the provisions of the plea agreement that fall under Rule 11(c)(1)(A) or the government has failed to meet its obligations under the plea agreement. Dkt. # 19, at 12. The Court has no intention to reject those provisions of the plea agreement, and defendant's motion to withdraw his plea does not fall under the exclusion in the plea agreement. Defendant has also not shown that the government has breached the plea agreement, and the government has asked the Court to enforce the waiver of defendant's right to withdraw his guilty plea as to count two. The Court finds that the waiver of defendant's right to withdraw his plea is enforceable and this is an additional reason to deny defendant's motion (Dkt. # 36).

Defendant has also filed a motion to continue the sentencing hearing set for June 22, 2017, and his sole basis for the continuance was to give the Court more time to consider his motion to withdraw his guilty plea to count two. Dkt. # 37. The Court has determined that defendant will not be permitted to withdraw his guilty plea to count two, and defendant's motion to withdraw plea has not delayed the proceedings or prevented defendant from preparing for the sentencing hearing. The Court finds that defendant's motion to continue the sentencing hearing should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Withdraw Guilty Plea to Count Two with Brief (Dkt. # 36) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Continue Sentencing Hearing (Dkt. # 37) is **denied**.

**DATED** this 16th day of June, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE